# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOMER TYRONE LEWIS,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>DERRAL G. ADAMS, et al.,<br><br>　　　　　　Defendants.<br>　　　　　　　　　　　　　　　　／ | CASE NO. 1:10-CV-00266-OWW-DLB PC<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION BE DENIED<br><br>(DOC. 18)<br><br>OBJECTIONS DUE WITHIN TWENTY-ONE DAYS |

　　　　Plaintiff Homer Tyrone Lewis ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR").  Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  This action is proceeding on Plaintiff's amended complaint against Defendants Adams, Junious, Lopez, Davis, Morrison, Tamayo, Johnson and De Azevedo.  Pending before the Court is Plaintiff's motion for release from administrative segregation and return of Plaintiff's confiscated legal materials, filed March 2, 2011.  The Court treats the motion as one for preliminary injunction.

　　　　"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Resources Defense Council, Inc.*, 129 S. Ct. 365, 374 (2008) (citations omitted).  The purpose of preliminary injunctive relief is to preserve the status quo or to prevent irreparable injury pending the resolution of the underlying claim. *Sierra On-line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984).

Federal courts are courts of limited jurisdiction, and as a preliminary matter, the court must have before it an actual case or controversy. *City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983); *Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc.*, 454 U.S. 464, 471, 102 S. Ct. 752, 757-58 (1982). If the court does not have an actual case or controversy before it, it has no power to hear the matter in question. *Lyons*, 461 U.S. at 102. Thus, "[a] federal court may issue an injunction [only] if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court." *Zepeda v. United States Immigration Serv.*, 753 F.2d 719, 727 (9th Cir. 1985).

Plaintiff seeks injunctive relief for actions taken by prison officials at California Substance Abuse Treatment Facility ("CSATF"). Prison officials at CSATF, however, are not part of this action. Plaintiff's amended complaint complained of events that occurred while Plaintiff was housed at Corcoran State Prison. Thus, the Court lacks jurisdiction to determine the rights of persons not before it. *Zepeda*, 753 F.2d at 727.

Accordingly, it is HEREBY RECOMMENDED that Plaintiff's motion for preliminary injunctive relief, filed March 2, 2011, should be DENIED.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within **twenty-one (21) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **March 4, 2011**            /s/ Dennis L. Beck
                                UNITED STATES MAGISTRATE JUDGE