# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOMER TYRONE LEWIS, | CASE NO. 1:10-CV-00266-LJO-DLB PC |
| Plaintiff, | ORDER DENYING MOTION TO FILE SUPPLEMENTAL OPPOSITION AND STRIKING SUPPLEMENTAL OPPOSITION (DOCS. 33, 34) |
| v. | |
| DERRAL G. ADAMS, et al., | |
| Defendants. | FINDINGS AND RECOMMENDATIONS RECOMMENDING DEFENDANTS' MOTION TO DISMISS BE GRANTED (DOC. 21) |
| | OBJECTIONS, IF ANY, DUE WITHIN TWENTY-ONE DAYS |
| _____/ | |

**I.   Background**

Plaintiff Homer Tyrone Lewis ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on Plaintiff's first amended complaint against Defendants Adams, Junious, Lopez, Davis, Morrison, Tamayo, Johnson, and De Azevedo for deliberate indifference in violation of the Eighth Amendment, and against Defendants Adams, Junious, Lopez, and Davis for retaliation in violation of the First Amendment because of a prison transfer. Pending before the Court is Defendants' motion to dismiss certain claims for failure to state a claim, filed March 14, 2011.

1

Defs.' Mot. Dismiss, Doc. 21.  Plaintiff filed his opposition on May 17, 2011.  Pl.'s Opp'n, Doc. 27.  On May 24, 2011, Defendants filed their reply.  Defs.' Reply, Doc. 28.  The matter is submitted pursuant to Local Rule 230(l).

On August 5, 2011, Plaintiff filed a motion requesting that the Court grant Plaintiff leave to file a supplemental opposition.  Plaintiff also filed his supplemental opposition on August 4, 2011.  Plaintiff is in effect requesting leave to file a surreply, a reply to Defendants' reply.  Surreplies are generally not permitted in this Court.  *See* Local Rule 230(l).  The Court neither requested nor granted leave for Plaintiff to file a surreply.  Accordingly, Plaintiff's motion to file a supplemental opposition is DENIED and the supplemental opposition is HEREBY ORDERED stricken.[1]

## II. Failure To State A Claim

### A. Legal Standard

"The focus of any Rule 12(b)(6) dismissal . . . is the complaint." *Schneider v. California Dept. of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998).  In considering a motion to dismiss for failure to state a claim, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hospital Trustees*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the party opposing the motion, and resolve all doubts in the pleader's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).  The federal system is one of notice pleading. *Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1126 (9th Cir. 2002).

Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . ." Fed. R. Civ. P. 8(a).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'"

---

[1] Out of an abundance of caution, the Court reviewed Plaintiff's surreply and finds that it would not change the analysis herein.

*Id.* (quoting *Twombly*, 550 U.S. at 555).  While factual allegations are accepted as true, legal conclusions are not.  *Id.*

### B. Summary Of First Amended Complaint

On October 2, 2008, Plaintiff sent a letter of complaint as confidential mail to Defendants Adams, Junious, Lopez, Davis, Morrison, and Tamayo due to serious threats of violence against Plaintiff by Protective Housing Unit ("PHU") inmates.  First Am. Compl. ("FAC") ¶ 14.  Plaintiff informed Defendants that PHU inmates James Prado and Mike Markhasev had threatened Plaintiff with violence.  *Id.*  Plaintiff was never notified by any Defendants that they had received the letter until three weeks later.  *Id.*

On October 23, 2008, Defendants A. Morrison and G. Tamayo failed to supervise the PHU inmates and as a result of Defendants failure to intercede, Plaintiff was assaulted by inmates Prado and Markhasev.  *Id.* ¶ 15.  Plaintiff sustained cuts to his mouth and face, bruises and swelling on his face and body, and was kicked in the groin.  *Id.*  Following examination by medical personnel, Defendant Morrison summoned Plaintiff to the sergeant's office and informed Plaintiff that Defendant Morrison needed to interview Plaintiff regarding his letter. *Id.* Defendant Morrison informed Plaintiff that Defendants Adams, Junious, Lopez, and Davis as well as Defendant Morrison were aware of Plaintiff's letter of complaint and were aware of the threats of violence against Plaintiff by inmates Prado and Markhesev.  *Id.*  Defendant Morrison told Plaintiff that he had handled himself without help from custody staff, and to stop whining to Defendant Morrison's superiors regarding the lack of supervision by Defendants Morrison and Tamayo, because "stuff happens" at Corcoran State Prison.  *Id.*

Plaintiff was transferred from PHU to ad seg and remained in ad seg from October 23, 2008 until December 19, 2008 before receiving an Institutional Classification Committee hearing before Defendants Junious, Lopez, Davis, De Azevedo, and P. Johnson.  *Id.* ¶ 17.  Defendant De Azevedo stated to Plaintiff on February 18, 2009 that due to Plaintiff's staff complaints, civil litigation, and Office of Internal Affairs ("OIA") and Investigative Services Unit ("ISU") investigations against staff, Defendant Adams, Junious, Lopez, and Davis planned with another PHU inmate to have Plaintiff transferred out of the PHU.  *Id.* ¶ 24.

3

1    On March 5, 2009, Defendant Lopez held another ICC hearing and informed Plaintiff that
2 he is being transferred from PHU because of the OIA and ISU investigations and filing of civil
3 litigation and inmate grievances against staff. *Id.* ¶ 26. Plaintiff stated that he feared for his life,
4 but Defendant Lopez disregarded it. *Id.*

5    On April 28, 2009, Plaintiff was transferred to California Substance Abuse Treatment
6 Facility ("CSATF") to be placed within the general inmate population. *Id.* ¶ 27. Defendants
7 Adams, Junious, Lopez, Davis, De Azevedo, and Johnson know firsthand that CSATF is a
8 violent institution and that Defendants exercised deliberate indifference in transferring Plaintiff
9 from PHU to the general population. *Id.* Plaintiff contends that the Mexican Mafia and LA
10 California street gangs have an open contract on Plaintiff's life. *Id.*

11    Plaintiff alleges retaliation, and deliberate indifference. Plaintiff seeks declaratory relief,
12 injunctive relief in the form of prohibiting retaliation and protecting Plaintiff from harm, and
13 compensatory and punitive damages.

14    **C.    Analysis**

15    Defendants contend that the following are not cognizable claims: 1) Plaintiff's claim
16 against Defendants Adams, Junious, Lopez, Davis, De Azevedo, and Johnson for deliberate
17 indifference in violation of the Eighth Amendment with regards to the prison transfer to CSATF;
18 and 2) Plaintiff's claim against Defendant Tamayo for deliberate indifference with regards to
19 Plaintiff's assault by two inmates. Defs.' Mem. P. & A. Mot. Dismiss 6:18-10:5.

20    **1.    Prison Transfer And Eighth Amendment**

21    The Eighth Amendment protects prisoners from inhumane methods of punishment and
22 from inhumane conditions of confinement. *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir.
23 2006). Extreme deprivations are required to make out a conditions of confinement claim, and
24 only those deprivations denying the minimal civilized measure of life's necessities are
25 sufficiently grave to form the basis of an Eighth Amendment violation. *Hudson v. McMillian*,
26 503 U.S. 1, 9 (1992) (citations and quotations omitted). Prison officials have a duty to take
27 reasonable steps to protect inmates from physical abuse. *Hoptowit v. Ray*, 682 F.2d 1237, 1250
28 (9th Cir. 1982). In order to state a claim for violation of the Eighth Amendment, Plaintiff must

4

allege facts sufficient to support a claim that officials knew of and disregarded a substantial risk of serious harm to him. *E.g.*, *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998). Mere negligence on the part of the official is not sufficient to establish liability, but rather, the official's conduct must have been wanton. *Farmer*, 511 U.S. at 835; *Frost*, 152 F.3d at 1128.

Defendants contend that Plaintiff has alleged no facts that demonstrate a transfer to CSATF would pose an excessive or substantial risk of serious harm to Plaintiff's safety. Defendants contend that the allegation that CSATF is dangerous is not sufficient. Defs.' Mem. P. & A. 6:18-7:4. Defendants further contend that Plaintiff's allegations regarding prison gangs having a contract on his life is a conclusory allegation without factual basis. *Id.* at 7:5-11. Plaintiff contends that he has sufficiently alleged deliberate indifference in transferring Plaintiff to CSATF by pleading additional facts. Plaintiff alleges, for example, that he was attacked on two occasions while at CSATF. Pl.'s Opp'n 4-5. Defendants contend that even if these additional allegations are considered, Plaintiff still has not met his burden. Defs.' Reply 2-3.

As alleged, Plaintiff contends that CSATF is dangerous. Plaintiff has not sufficiently alleged that Defendants knew of and disregarded a substantial risk of serious harm. Vague allegations of danger do not demonstrate a substantial risk of serious harm. *See Farmer*, 511 U.S. at 835 (harm must be "sufficiently serious" to deprive Plaintiff of minimal civilized measure of life's necessities) (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). Prisons are inherently dangerous. *Lewis v. Carey*, 518 U.S. 343, 391 (1996). Plaintiff's allegations that he was attacked after he was transferred does not demonstrate that the Defendants knew of these dangers and disregarded them before transferring Plaintiff.[2]

Plaintiff's allegation that he would be exposed to danger from prison gangs in CSATF's general population if transferred also fails to support a claim of deliberate indifference. Plaintiff alleges that Defendants transferred Plaintiff to CSATF knowing that Plaintiff was a PHU inmate

---

[2] In adjudicating a motion to dismiss for failure to state a claim, the Court considers only the pleadings in the operative complaint. Plaintiff's additional allegations raised in his opposition for the first time are not considered part of his complaint.

1  who needed special protection and that he would face a daily continuing threat of physical injury
2  because various prison gangs had an open contract out on Plaintiff's life.  FAC ¶ 27.  The Court
3  finds this allegation as alleged to be speculative as to whether Defendants knew of the substantial
4  risk of serious harm to Plaintiff.  *See Iqbal*, 129 S. Ct. at 1950 ("[W]here the well-pleaded facts
5  do not permit the court to infer more than the possibility of misconduct, the complaint has
6  alleged – but it has not "show[n]" – "that the pleader is entitled to relief") (citing Fed. R. Civ. P.
7  8(a)(2)).  Plaintiff has not alleged the basis of Defendants' knowledge of a substantial risk of
8  serious harm in transferring Plaintiff.  *See id.* at 1949 ("Threadbare recital of the elements of a
9  cause of action, supported by mere conclusory statements, do not suffice.").

10         Accordingly, the Court recommends that Plaintiff's claim for deliberate indifference in
11  violation of the Eighth Amendment for Plaintiff's prison transfer to CSATF should be dismissed
12  for failure to state a claim.  Because the only claim against Defendants Johnson and De Azevedo
13  is for deliberate indifference regarding the prison transfer, Defendants Johnson and De Azevedo
14  should be dismissed from this action.

15         **2.     Failure To Protect**

16         Defendants contend that Plaintiff fails to allege sufficient facts to demonstrate that
17  Defendant Tamayo failed to protect Plaintiff in violation of the Eighth Amendment.  Defs.'
18  Mem. P. & A. 9:13-10:5.  Plaintiff contends that Defendant Tamayo failed to supervise the PHU,
19  leading to Plaintiff being assaulted.  Pl.'s Opp'n 16-19.  Plaintiff contends that Defendant
20  Tamayo failed to follow prison regulations regarding his duty, and knew or should have known
21  of the danger to Plaintiff.  *Id.*

22         Plaintiff alleged that Defendants Morrison, Adams, Junious, Lopez, and Davis were all
23  aware of the threats of violence against Plaintiff due to a letter of complaint that Plaintiff had
24  sent.  FAC ¶¶ 15-16.  Plaintiff does not allege that Defendant Tamayo was aware of such danger.
25  Plaintiff's allegations that Defendant Tamayo failed to supervise the PHU inmate population
26  amount at most to negligence, which fails to state an Eighth Amendment claim.  *Farmer*, 511
27  U.S. at 835.  Plaintiff's arguments to the contrary are unavailing.  Because the failure to protect
28  claim is the only claim against Defendant Tamayo, the Court recommends that Defendant

Tamayo be dismissed from this action.[3]

### III.   Conclusion

Based on the foregoing, it is HEREBY ORDERED that

1. Plaintiff's motion to file a supplemental opposition, filed August 5, 2011, is DENIED and

2. The supplemental opposition, filed August 4, 2011, is stricken.

Furthermore, it is HEREBY RECOMMENDED that:

1. Defendants' motion to dismiss, filed March 15, 2011, should be GRANTED;

2. Plaintiff's claims for deliberate indifference in violation of the Eighth Amendment for the prison transfer to CSATF should be dismissed for failure to state a claim as to Defendants Derral G. Adams, Maurice Junious, Raul Lopez, R. Davis, D. DeAzevedo, and J. Johnson;

3. Plaintiff's claims for deliberate indifference in violation of the Eighth Amendment for the assault on October 23, 2008 should be dismissed for failure to state a claim as to Defendant G. Tamayo;

4. Defendants DeAzevedo, Johnson, and Tamayo should be dismissed from this action; and

5. Defendants Adams, Junious, Lopez, Davis, and Morrison be required to file an answer within twenty-one days from the date of the order adjudicating these Findings and Recommendations.

////

////

////

///

---

[3] The Court clarifies the remaining cognizable claims in this action as: 1) retaliation in violation of the First Amendment by Defendants Derral G. Adams, Maurice Junious, Raul Lopez, and R. Davis in transferring Plaintiff to CSATF; and 2) failure to protect in violation of the Eighth Amendment by Defendants Adams, Davis, Junious, Lopez, and Morrison for the alleged assault on October 23, 2008.

7

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **twenty-one (21) days** after being served with these Findings and Recommendations, the parties may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **October 5, 2011**                    /s/ **Dennis L. Beck**
                                                                            UNITED STATES MAGISTRATE JUDGE