# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOMER TYRONE LEWIS, | CASE NO. 1:10-CV-00266-LJO-DLB PC |
| Plaintiff, | FINDINGS AND RECOMMENDATION RECOMMENDING PLAINTIFF'S MOTION FOR LEGAL MATERIALS BE DENIED |
| v. | |
| DERRAL G. ADAMS, et al., | (DOC. 32) |
| Defendants. | OBJECTIONS DUE WITHIN FOURTEEN DAYS |

Plaintiff Homer Tyrone Lewis ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on Plaintiff's amended complaint against Defendants Adams, Junious, Lopez, Davis, and Morrison. Pending before the Court is Plaintiff's motion for the return of Plaintiff's confiscated legal materials, filed June 29, 2011. The Court treats the motion as one for preliminary injunction.

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008) (citations omitted). The purpose of preliminary injunctive relief is to preserve the status quo or to prevent irreparable injury pending the resolution of the underlying claim. *Sierra On-line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984).

1    Federal courts are courts of limited jurisdiction, and as a preliminary matter, the court
2 must have before it an actual case or controversy. *City of Los Angeles v. Lyons*, 461 U.S. 95, 102
3 (1983); *Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc.*,
4 454 U.S. 464, 471(1982).  If the court does not have an actual case or controversy before it, it has
5 no power to hear the matter in question. *Lyons*, 461 U.S. at 102.  Thus, "[a] federal court may
6 issue an injunction [only] if it has personal jurisdiction over the parties and subject matter
7 jurisdiction over the claim; it may not attempt to determine the rights of persons not before the
8 court." *Zepeda v. United States Immigration Serv.*, 753 F.2d 719, 727 (9th Cir. 1983); *see* Fed.
9 R. Civ. P. 65(d)(listing persons bound by injunction).

10    Plaintiff seeks injunctive relief for actions taken by Defendant Derral G. Adams and
11 Maurice Junious at Corcoran State Prison, in allegedly depriving Plaintiff of his legal materials.
12 Alleged denial of Plaintiff's legal materials is unrelated to the actual case or controversy before
13 the Court of a retaliatory transfer and failure to protect.  Additionally, Plaintiff has failed to
14 demonstrate irreparable in the absence of preliminary relief.

15    Accordingly, it is HEREBY RECOMMENDED that Plaintiff's motion, filed June 29,
16 2011, should be DENIED.

17    These Findings and Recommendations will be submitted to the United States District
18 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within **fourteen**
19 **(14) days** after being served with these Findings and Recommendations, the parties may file
20 written objections with the Court.  A party may respond to another party's objections within
21 fourteen (14) days from the date of service of the party's objections.  The document should be
22 captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are
23 advised that failure to file objections within the specified time may waive the right to appeal the
24 District Court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

25    IT IS SO ORDERED.

26    Dated:   February 2, 2012           /s/ Dennis L. Beck
                                          UNITED STATES MAGISTRATE JUDGE
27
28