# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

HOMER TYRONE LEWIS,                         CASE NO. 1:10-cv-00266-LJO-DLB PC

            Plaintiff,                         FINDINGS AND RECOMMENDATIONS
                                          RECOMMENDING PLAINTIFF'S MOTION
   v.                                      TO AMEND BE DENIED (DOC. 38)

DERRAL G. ADAMS, et al.,                    OBJECTIONS DUE WITHIN FOURTEEN
                                             (14) DAYS
            Defendants.

_____/

## I.   **Background**

      Plaintiff Homer Tyrone Lewis ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR").  Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  This action is proceeding against Defendants Adams, Junious, Lopez, Davis, and Morrison.  On October 13, 2011, Plaintiff filed a motion to amend his complaint.  Doc. 38.  Plaintiff concurrently filed his proposed second amended complaint.  Doc. 39.  The matter is submitted pursuant to Local Rule 230(l).

## II.   **Motion To Amend**

      Plaintiff's proposed second amended complaint names Defendants Adams, Junious, Lopez, Davis, and Morrison.  Plaintiff also names De Azevedo, Johnson, and Tamayo, who were Defendants that were dismissed from this action on February 2, 2012.  Doc. 43.  All of the previously named individuals were employed at California State Prison - Corcoran ("CSP-Cor").  Plaintiff's proposed amended complaint includes four additional Defendants: Kathleen Allison, warden of California Substance Abuse Treatment Facility ("CSATF"), P. Denny, associate warden of CSATF, G. Parra, correctional officer at CSATF, and R. Garza, correctional officer at CSATF.

1    **III.    CSP-Cor Defendants**

2        "Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so

3    requires.'" *AmerisourceBergen Corp. v. Dialysis West, Inc.*, 445 F.3d 1132, 1136 (9th Cir. 2006)

4    (quoting Fed. R. Civ. P. 15(a)).  However, courts "need not grant leave to amend where the

5    amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue

6    delay in the litigation; or (4) is futile." *Id.* The factor of "'[u]ndue delay by itself . . . is

7    insufficient to justify denying a motion to amend.'" *Owens v. Kaiser Foundation Health Plan,*

8    *Inc.*, 244 F.3d 708, 712-13 (9th Cir. 2001) (quoting *Bowles v. Reade*, 198 F.3d 752, 757-58 (9th

9    Cir. 1999)).  However, "'[w]here the party seeking amendment knows or should know of the

10   facts upon which the proposed amendment is based but fails to include them in the original

11   complaint, the motion to amend may be denied,'" *E.E.O.C. v. Boeing, Co.*, 843 F.2d 1213, 1222

12   (9th Cir. 1988) (quoting *Jordan v. County of L.A.*, 669 F.2d 1311, 1324 (9th Cir. 1982),

13   *vacated on other grounds*, 459 U.S. 810 (1982)), and the "court's discretion to

14   deny leave to amend is particularly broad where the court has already given the plaintiff an

15   opportunity to amend his complaint," *Fidelity Financial Corp. v. Federal Home Loan Bank of*

16   *San Francisco*, 792 F.2d 1432, 1438 (9th Cir. 1986).

17       Plaintiff's amended claims against CSP-Cor Defendants are futile.  Plaintiff's allegations

18   in his proposed second amended complaint against CSP-Cor Defendants  are the same as his

19   claims from his first amended complaint, with the only significant difference being Plaintiff

20   omitting his claims against J. Corbin.  Plaintiff's remaining claims are: 1) retaliation in violation

21   of the First Amendment by Defendants Derral G. Adams, Maurice Junious, Raul Lopez, and R.

22   Davis in transferring Plaintiff to CSATF[1]; and 2) failure to protect in violation of the Eighth

23   Amendment by Defendants Adams, Davis, Junious, Lopez, and Morrison for the alleged assault

24   on October 23, 2008.[2]

25

26 _____

27       [1]*See* First Am. Compl. ¶ 24.

28       [2]The Court had ruled on Defendants' March14, 2011 Motion To Dismiss, and dismissed
     De Azevedo, Johnson, and Tamayo from this action.  Order, Doc. 43.

IV.   **CSATF Defendants**

Plaintiff moves to include additional claims in his complaint which occurred after the filing of his original complaint.  Plaintiff's motion to amend is thus a motion to supplement his complaint.  Motions to supplement pleadings are pursuant to Rule 15(d) of the Federal Rules of Civil Procedure.

Under Rule 15(d), "[o]n motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented."  Fed. R. Civ. P. 15(d).  Supplemental pleadings need not arise from the same transaction or occurrence, merely that there be some relationship between the newly alleged matters and the subject of the original action.  *Keith v. Volpe*, 858 F.2d 467, 474 (9th Cir. 1988).

Plaintiff's supplemental pleadings bear some relationship to the subject of the original action.  Plaintiff alleges a conspiracy between CSP-Cor Defendants and CSATF Defendants to violate Plaintiff's constitutional rights.  However, Plaintiff's supplemental pleadings are subject to screening pursuant to 28 U.S.C. § 1915A(a) and 28 U.S.C. § 1915(e)(2)(b)(ii).  The Court will screen Plaintiff's supplemental pleadings.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 555).  While factual allegations are accepted as true, legal conclusions are not.  *Id.*

### A.   <u>Allegations</u>

Plaintiff alleges that on January 31, 2011, Plaintiff was removed from general population at CSATF and placed in administrative segregation on a bogus allegation of a threat to murder a correctional officer.  Pl.'s Second Am. Compl. 10:22-25.  Defendant G. Parra confiscated all of Plaintiff's files and evidence concerning this civil action. Id. at 25-26.  On February 1, 2011, Defendant P. Denny interviewed Plaintiff regarding his administrative segregation placement, and told Plaintiff that this will teach him not to file lawsuits against his former boss, Defendant Adams.  Id. at 11:9-13.

Plaintiff contends that a conspiracy to steal Plaintiff's files concerning this civil action occurred between Defendants Adams and Junious from CSP-Cor and Defendants Allison, Parra, Denny, and Garza from CSATF.  Id. at 11:19-26.  Plaintiff filed a letter of complaint and sent it to Defendant Allison as confidential mail.  Id. at 12:22-26.  On June 10, 2011, Plaintiff was interviewed by Defendant Garza regarding his inmate grievance about his legal property.  Id. at 13:7-13.  During this interview, Defendant Garza told Plaintiff that Defendants Adams and Junious had ordered Defendant Denny to get Plaintiff's legal materials for them, and that after it was reviewed, Defendant Denny confiscated one box of legal materials and Defendant Garza consolidated the rest of the legal materials into two boxes.  Id. at 13:13-22.  Defendant Allison was notified of this retaliatory conduct by Defendants Denny, Parra, and Garza by several grievances and complaints, and failed to take any actions against her staff.  Id. at 13:23-14:3.  Plaintiff alleges retaliation and conspiracy, and seeks as relief declaratory relief, compensatory and punitive damages.

//

///

///

4

**B.**     **Analysis**

Plaintiff alleges a conspiracy pursuant to 42 U.S.C. § 1985(3).

To state a cause of action under § 1985(3), a complaint must allege (1) a conspiracy, (2) to deprive any person or a class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws, (3) an act by one of the conspirators in furtherance of the conspiracy, and (4) a personal injury, property damage or a deprivation of any right or privilege of a citizen of the United States.

*Gillespie v. Civiletti*, 629 F.2d 637, 641 (9th Cir. 1980) (citing *Griffin v. Breckenridge*, 403 U.S. 88, 102-03 (1971)).  "The language requiring intent to deprive of equal protection . . . means that there must be some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action."  *Griffin*, 403 U.S. at 102.  Here, Plaintiff's allegations are insufficient to state a § 1985(3) conspiracy.  Plaintiff fails to allege any facts which demonstrate that there was a conspiracy, or that any deprivation of rights was racial or class-based in motivation.  Mere allegations of conspiracy without factual specificity is insufficient.  *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 626 (9th Cir. 1988); *see Iqbal*, 129 S. Ct. at 1949 (legal conclusions are insufficient to support a claim).

Because Plaintiff fails to allege a conspiracy between CSP-Cor Defendants and CSATF Defendants, Plaintiff's allegations against CSATF Defendants are in violation of Rule 20(a)(2) of the Federal Rules of Civil Procedure.  Under Rule 20(a)(2),

Persons . . . may be joined in one action as defendants if:
    (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
    (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2).  Plaintiff's allegations against CSP-Cor Defendants and against CSATF Defendants arise from different transactions or occurrences.  Thus, Plaintiff's supplemental pleadings are not permitted to continue in this action.  Because supplementation of the pleadings will be futile, the Court will recommend that Plaintiff's motion be denied without prejudice to Plaintiff filing his claims arising at CSATF in a separate, new action.  The Court declines to address the merits of Plaintiff's remaining claims against the CSATF Defendants.

1

**V.**     <u>**Conclusion**</u>

2         Based on the foregoing, Plaintiff's motion, filed October 13, 2011, is DENIED.

3     IT IS SO ORDERED.

4     **Dated:** __**April 20, 2012**__                __/s/ **Dennis L. Beck**__
                                    UNITED STATES MAGISTRATE JUDGE

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28