UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOMER TYRONE LEWIS,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>DERRAL G. ADAMS, et al.,<br><br>　　　　Defendants. | Case No. 1:10-cv-00266-LJO-DLB PC<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTIONS TO COMPEL**<br><br>ECF Nos. 56, 60 |

**I.    Background**

Plaintiff Homer Tyrone Lewis ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on Plaintiff's first amended complaint against Defendants Adams, Junious, Lopez, and Davis for retaliation in violation of the First Amendment, and against Defendants Adams, Junious, Lopez, Davis, and Morrison for deliberate indifference to Plaintiff's safety in violation of the Eighth Amendment.

On August 20, 2012, Plaintiff filed two motions to compel discovery responses from Defendants. ECF Nos. 56, 60. On August 23, 2012, Defendants filed their opposition. ECF No. 61. The matter is submitted pursuant to Local Rule 230(l).

1

## II. Motion to Compel No. 1

Plaintiff moves to compel the production of documents.[1] In responding to discovery requests, defendants must produce documents or other tangible things which are in their "possession, custody or control." Fed. R. Civ. P. 34(a). Responses must either state that inspection and related activities will be permitted as requested, or state an objection, including the reasons. *Id.* 34(b)(2)(B).

Actual possession, custody or control is not required. "A party may be ordered to produce a document in the possession of a non-party entity if that party has a legal right to obtain the document or has control over the entity who is in possession of the document." *Soto v. City of Concord*, 162 F.R.D. 603, 620 (N.D. Cal. 1995). As the Court explained in *Allen v. Woodford*, 2007, U.S. Dist. LEXIS 11026, *4-6, 2007 WL 309945, *2 (E.D. Cal. Jan. 30, 2007) (internal citations and quotations omitted):

> Property is deemed within a party's possession, custody, or control if the party has actual possession, custody, or control thereof or the legal right to obtain the property on demand. A party having actual possession of documents must allow discovery even if the documents belong to someone else; legal ownership of the documents is not determinative. Control need not be actual control; courts construe it broadly as the legal right to obtain documents upon demand. Legal right is evaluated in the context of the facts of each case. The determination of control is often fact specific. Central to each case is the relationship between the party and the person or entity having actual possession of the document. The requisite relationship is one where a party can order the person or entity in actual possession of the documents to release them. This position of control is usually the result of statute, affiliation or employment. Control may be established by the existence of a principal-agent relationship.

Such documents also include documents under the control of the party's attorney. *Meeks v. Parson*, 2009 U.S. Dist. LEXIS 90283, 2009 WL 3303718 (E.D. Cal. September 18, 2009) (involving a subpoena to the CDCR); *Axler v. Scientific Ecology Group, Inc.*, 196 F.R.D. 210, 212 (D. Mass. 2000) (A "party must product otherwise discoverable documents that are in his attorneys' possession, custody or control."); *Gray v. Faulkner*, 148 F.R.D. 220, 223 (N.D. Ill. 1992); *see also* Cal. Code Regs. tit. 15, § 3370(e) ("No case records file, unit health records, or component thereof

---

[1] On April 8, 2012, Plaintiff served a discovery request that was both interrogatories and requests for the production of documents. Defs.' Opp'n, Ex. A, ECF No. 61. The Court will construe Plaintiff's requests at issue here as requests for production because Plaintiff seeks documents.
  Plaintiff alleges that Defendants Adams, Junious, Lopez, and Davis ordered Plaintiff's transfer from California State Prison-Corcoran ("CSP-Corcoran"), out of the Protective Housing Unit, to the general population of California Substance Abuse Treatment Facility on April 28, 2009, in retaliation for Plaintiff filing civil and inmate grievances against staff. Plaintiff also alleges that Defendants Adams, Junious, Lopez, Davis, and Morrison failed to protect Plaintiff from an alleged inmate assault on October 21, 2008, while Plaintiff was incarcerated at CSP-Corcoran.

shall be released to any agency or person outside the department, except for private attorneys hired to represent the department, the office of the attorney general, the Board of Parole Hearings, the Inspector General, and as provided by applicable federal and state law.").

Defendants contend that Plaintiff failed to meet and confer with counsel prior to filing his motion to compel. Even if Plaintiff did not meet and confer, he was not under an obligation to do so. Pursuant to the Court's Discovery and Scheduling Order, meeting and conferring prior to filing a motion to compel, while encouraged, is optional. Discovery and Scheduling Order ¶ 5, ECF No. 48. Thus, Plaintiff's motion to compel is properly submitted.

### A.     Request for Production No. 5

"Any and all procedure's [sic] in effect to the Protective Housing Unit [PHU] inmates being removed from the (PHU) to [4A4Right] Security Housing Unit (SHU), and [4A4Right] Administrative Segregation (Ad-Seg), and the protocol for (PHU) inmates [PROTECTION] procedure from other [4A4Right] (SHU) and (Ad-Seg) inmates. If those safety procedures are set forth in any manuals, directive, memorandum, including but not limited to, Operational Procedure No. 235, or other document, produce copy of the document(s)."

Defendants responded by objecting that it was overbroad, compound, and unintelligible. Defs.' Opp'n, Ex. B, Defs.' Response 3:26-4:2. Defendants additionally responded that Title 15 of the California Code of Regulations established guidelines regarding placement in PHU, SHU, and Ad-Seg. Defs.' Response 3:26-4:2.

Defendants contend that Plaintiff submitted requests to the Public Records Coordinator at CSP-Corcoran for Operational Procedure No. 235 and the Protective Housing Unit Floor Officer's Post Orders for the years 2007/2008. Defs.' Opp'n 3:7-15. The Public Records Coordinator would not produce the Post Orders because it contains information that could compromise the safety and security of staff and inmates. Opp'n 3:13-15. Defendants state that they are willing to produce a copy of Operational Procedure No. 235 from the year 2008 for CSP-Corcoran to resolve this matter. Opp'n 3:15-17.

It does not appear that the Floor Officer's Post Records is reasonably calculated to lead to the discovery of admissible evidence, and Plaintiff provides no explanation. Thus, the Court will only

3

address Defendants' good faith agreement to produce Operational Procedure 235 for the year 2008. The Court presumes that Operational Procedure 235 relates to safety procedures regarding PHU, SHU, and Ad-Seg inmates for CSP-Corcoran, which would be reasonably calculated to lead to the discovery of admissible evidence in this action. Thus, Defendants' production of Operational Procedure 235 for the year 2008 would be a proper discovery response. Accordingly, Plaintiff's motion to compel further response to Request for Production No. 5 is granted in part. Defendants are required to produce for Plaintiff's inspection Operational Procedure 235 from the year 2008 for CSP-Corcoran.

### B. Request for Production No. 8

"Any and all, prior and present grievances, staff complaints, civil litigations state or federal by inmates, or other documents relative to misconduct in the personnel files of Defendants Adams, Junious, Lopez, Davis and Morrison, including but not limited to, investigative reports by the Federal Bureau of Investigation, (CDCR) Office of Internal Affairs (OIA), Investigative Services Unit (ISU), or any other outside law enforcement agencies concerning [Retaliation] against inmates, and [Failure-to-Protect] inmates due to inmate-on-inmates assaults at CSP-Corcoran from January 2007 to the date of your response, produce copies of documents(s)."

Defendants do not address this request in their opposition. In their response, Defendants objected that it was ambiguous, overbroad, compound, assumes facts not in evidence or which have been established, and seeks information not relevant to any claim or defense in this matter and therefore unlikely to lead to the discovery of admissible evidence. Defs.' Opp'n, Ex. B, Defs.' Response 5:7-13. Defendants further responded that all staff personnel matters are confidential and the results of any inquiry or investigation are not shared with staff, members of the public, or inmates. Defs.' Response 5:7-13.

Plaintiff requests documents pertaining to complaints and investigations against Defendants regarding retaliation (as to Defendants Adams, Junious, Lopez, and Davis), and failure to protect (as to Defendants Adams, Junious, Lopez, Davis, and Morrison). Plaintiff has not sufficiently demonstrated how Defendants' possible misconduct in relation to other inmates is reasonably calculated to lead to the discovery of admissible evidence in this action. Plaintiff's request is

overbroad in that it encompasses time periods well after the alleged incidents at issue in this action occurred. Additionally, investigations by agencies outside of the CDCR would not include documents that are within Defendants' custody, possession, or control. Accordingly, the motion to compel further response to request for production No. 8 is denied, without prejudice.

### III.     Motion to Compel No. 2

It is undisputed by the parties that Defendants' responses were untimely. *See* Counsel's Decl ¶¶ 4-6. Unlike other discovery rules, if a party fails to timely submit a response to a request for admission, then the matter is deemed admitted. *See* Fed. R. Civ. P. 36(a)(3) (stating that consequence for failure to timely respond to request for admission is that matter is admitted).

If a party wishes to withdraw the admission, that party is required to file a motion. Fed. R. Civ. P. 36(b). However, in the interest of judicial economy, the Court will construe Defendants' late filing of responses to the requests for admission as a motion to withdraw the prior admissions.

Pursuant to Rule 36(b) of the Federal Rules of Civil Procedure,

> A matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended. Subject to Rule 16(e), the court may permit withdrawal or amendment if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits. An admission under this rule is not an admission for any other purpose and cannot be used against the party in any other proceeding.

If upholding the admission would eliminate presentation of the merits of the action, then allowing withdrawal of the admission would promote the presentation of the merits and satisfy the first prong of the test. Fed. R. Civ. P. 36(b); *see Conlon v. United States*, 474 F.3d 616, 622 (9th Cir. 2007) (citing *Hadley v. United States*, 45 F.3d 1345, 1348 (9th Cir. 1995)). The Court finds that withdrawal of the admission would promote presentation of the merits of this action. Defendants clearly demonstrated an intent to provide actual responses to Plaintiff's Requests For Admission. Plaintiff would also not be prejudiced in maintaining or defending the action on the merits. This matter has not yet proceeded to trial. Accordingly, Plaintiff's motion to compel regarding his requests for admissions is denied.

//

//

**IV.** **Conclusion**

Based on the foregoing, it is HEREBY ORDERED that

1. Plaintiff's motion to compel, docketed at ECF No. 56, is granted in part and denied in part as stated herein;
2. Defendants are required to produce for Plaintiff's inspection Operational Procedure 235 for CSP-Corcoran for the year 2008 within thirty (30) days from the date of service of this order; and
3. Plaintiff's motion to compel, docketed at ECF No. 60, is denied.

IT IS SO ORDERED.

Dated: **November 5, 2012**   /s/ *Dennis L. Beck*
UNITED STATES MAGISTRATE JUDGE