# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOMER TYRONE LEWIS,<br><br>    Plaintiff,<br><br>    v.<br><br>DERRAL G. ADAMS, et al.,<br><br>    Defendants.<br>_____/ | CASE NO. 1:10-cv-00266-LJO-DLB PC<br><br>ORDER DENYING PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE'S ORDER REGARDING PLAINTIFF'S MOTIONS TO COMPEL<br><br>ECF No. 72 |

    Plaintiff Homer Tyrone Lewis ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in forma pauperis in this civil action pursuant to 42 U.S.C. § 1983. This action is proceeding on Plaintiff's first amended complaint against Defendants Adams, Junious, Lopez, and Davis for retaliation in violation of the First Amendment, and against Defendants Adams, Junious, Lopez, Davis, and Morrison for deliberate indifference to Plaintiff's safety in violation of the Eighth Amendment.

    On November 5, 2012, United States Magistrate Judge Beck issued an order granting in part and denying in part Plaintiff's motions to compel. ECF No. 65. Pending before the Court is Plaintiff's objection to the Magistrate Judge's order, filed November 26, 2012. ECF No. 72. Pursuant to Rule 72(a) of the Federal Rules of Civil Procedure, "[a] party may serve and file objections to the [magistrate judge's] order within fourteen days after being served with a copy." Plaintiff includes a proof of service with his objection, which indicates that Plaintiff placed his objection in the mail on November 16, 2012. Thus, Plaintiff's objection is timely.

    Pursuant to Federal Rule of Civil Procedure 72(a), "[t]he district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous

or is contrary to law." *See* 28 U.S.C. § 636(b)(1)(A); L. R. 303.  The assigned district judge may also reconsider any matter *sua sponte*.  L.R. 303(g).

Under the clearly erroneous standard of review, a district court may overturn a magistrate judge's ruling "'only if the district court is left with the definite and firm conviction that a mistake has been made.'"  *Computer Economics, Inc. v. Gartner Group, Inc.*, 50 F. Supp. 2d 980, 983 (S.D. Cal. 1999) (quoting *Weeks v. Samsung Heavy Indus. Co., Ltd.*, 126 F.3d 926, 943 (7th Cir. 1997)).  Under the contrary to law standard, a district court may conduct independent review of purely legal determinations by a magistrate judge.  *Id.*

Plaintiff objects to the Magistrate Judge's order which denied Plaintiff's motion to compel the production of 1) Protective Housing Unit Officer Post Orders for Corcoran State Prison in 2008, and 2) grievances, complaints, or litigation by inmates against Defendants regarding retaliation and failure to protect.

The Court finds that the Magistrate Judge's order is not clearly erroneous or contrary to law.  The Magistrate Judge denied the first request because he found that it was not reasonably calculated to lead to the discovery of admissible evidence, and Plaintiff provided no explanation.  The Magistrate Judge denied the second request because 1) it encompassed a time period from January 2007 to the present day, and was thus overbroad in scope, 2)  it involved requests for reports prepared by outside law enforcement agencies, which would not generally be in the custody, possession, or control of Defendants, and 3) Plaintiff did not provide a sufficient explanation as to how the request was reasonably calculated to lead to the discovery of admissible evidence.  The Court notes that the Magistrate Judge's order denied the second request without prejudice.

Accordingly, it is HEREBY ORDERED that Plaintiff's objections to the Magistrate Judge's November 5, 2012 Order are denied.

IT IS SO ORDERED.

**Dated:   February 7, 2013            /s/  Lawrence J. O'Neill**
                                    UNITED STATES DISTRICT JUDGE