# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOMER TYRONE LEWIS,<br><br>    Plaintiff,<br><br>    v.<br><br>DERRAL G. ADAMS, et al.,<br><br>    Defendants. | Case No. 1:10-cv-00266-LJO-DLB PC<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTIONS TO COMPEL**<br><br>ECF Nos. 67, 70, 74 |

## I. Background

Plaintiff Homer Tyrone Lewis ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on Plaintiff's first amended complaint against Defendants Adams, Junious, Lopez, and Davis for retaliation in violation of the First Amendment, and against Defendants Adams, Junious, Lopez, Davis, and Morrison for deliberate indifference to Plaintiff's safety in violation of the Eighth Amendment.

On November 6, 2012, and December 5, 2012, Plaintiff filed two motions to compel discovery responses from Defendants. ECF Nos. 66, 74. On November 19, 2012, Defendants filed their opposition to the first motion. ECF No. 71. On December 3, 2012, Plaintiff filed his reply.

1  ECF No. 73.  The matter is submitted pursuant to Local Rule 230(l).

2  **II.      Production of Documents**

Plaintiff moves to compel the production of documents.[1]  In responding to discovery requests, defendants must produce documents or other tangible things which are in their "possession, custody or control."  Fed. R. Civ. P. 34(a).  Responses must either state that inspection and related activities will be permitted as requested, or state an objection, including the reasons.  *Id.* 34(b)(2)(B).

Actual possession, custody or control is not required.  "A party may be ordered to produce a document in the possession of a non-party entity if that party has a legal right to obtain the document or has control over the entity who is in possession of the document."  *Soto v. City of Concord*, 162 F.R.D. 603, 620 (N.D. Cal. 1995).  As the Court explained in *Allen v. Woodford*, 2007, U.S. Dist. LEXIS 11026, *4-6, 2007 WL 309945, *2 (E.D. Cal. Jan. 30, 2007) (internal citations and quotations omitted):

> Property is deemed within a party's possession, custody, or control if the party has actual possession, custody, or control thereof or the legal right to obtain the property on demand.  A party having actual possession of documents must allow discovery even if the documents belong to someone else; legal ownership of the documents is not determinative.  Control need not be actual control; courts construe it broadly as the legal right to obtain documents upon demand.  Legal right is evaluated in the context of the facts of each case.  The determination of control is often fact specific.  Central to each case is the relationship between the party and the person or entity having actual possession of the document.  The requisite relationship is one where a party can order the person or entity in actual possession of the documents to release them.  This position of control is usually the result of statute, affiliation or employment.  Control may be established by the existence of a principal-agent relationship.

Such documents also include documents under the control of the party's attorney.  *Meeks v. Parson*, 2009 U.S. Dist. LEXIS 90283, 2009 WL 3303718 (E.D. Cal. September 18, 2009) (involving a subpoena to the CDCR); *Axler v. Scientific Ecology Group, Inc.*, 196 F.R.D. 210, 212 (D. Mass. 2000) (A "party must product otherwise discoverable documents that are in his attorneys' possession, custody or control."); *Gray v. Faulkner*, 148 F.R.D. 220, 223 (N.D. Ill. 1992); *see also* Cal. Code Regs. tit. 15, § 3370(e) ("No case records file, unit health records, or component thereof shall be released to any agency or person outside the department, except for private attorneys hired

---

[1] Plaintiff alleges that Defendants Adams, Junious, Lopez, and Davis ordered Plaintiff's transfer from California State Prison-Corcoran ("CSP-Corcoran"), out of the Protective Housing Unit, to the general population of California Substance Abuse Treatment Facility on April 28, 2009, in retaliation for Plaintiff filing civil and inmate grievances against staff.  Plaintiff also alleges that Defendants Adams, Junious, Lopez, Davis, and Morrison failed to protect Plaintiff from an alleged inmate assault on October 23, 2008, while Plaintiff was incarcerated at CSP-Corcoran.

1  to represent the department, the office of the attorney general, the Board of Parole Hearings, the
2  Inspector General, and as provided by applicable federal and state law.").

### B. Motion To Compel No. 1

Plaintiff requests documents pertaining to complaints and investigations against Defendants regarding retaliation (as to Defendants Adams, Junious, Lopez, and Davis), and failure to protect (as to Defendants Adams, Junious, Lopez, Davis, and Morrison). including but not limited to, investigative reports by the Federal Bureau of Investigation, (CDCR) Office of Internal Affairs (OIA), Investigative Services Unit (ISU), or any other outside law enforcement agencies concerning [Retaliation] against inmates, and [Failure-to-Protect] inmates due to inmate-on-inmates assaults at CSP-Corcoran from January 2007 to the date of your response, produce copies of documents(s)." Plaintiff does not submit Defendants' discovery response, as required under the Local Rules. *See* L.R. 250.3 (requests for production and responses shall not be filed unless and until it is at issue).

Defendants contend that this response had been denied by the Court in a prior order. Defs.' Opp'n 71. Defendants are correct. The Court ruled on a similar motion to compel on November 5, 2012. ECF No. 65. However, that denial was without prejudice. Thus, Plaintiff was permitted to submit another discovery request pertaining to this matter.

Plaintiff contends that these documents are relevant to demonstrate that Defendants had knowledge of the ongoing, volatile, and dangerous conditions that Plaintiff and other prisoners were subject to within the Protective Housing Unit. Plaintiff contends that such evidence would be admissible pursuant to Rule 404(b) of the Federal Rules of Evidence because it would be demonstrative of motive, opportunity, intent, preparation, plan, or knowledge.

The Court had previously denied the request because 1) it encompassed a time period from January 2007 to the present day, and was thus overbroad in scope, and 2) it involved requests for reports prepared by outside law enforcement agencies, which would not generally be in the custody, possession, or control of Defendants.

The Court finds that discovery of certain documents from Defendants' personnel records would be reasonably calculated to lead to the discovery of admissible evidence, so long as the scope of the discovery request is limited. Plaintiff's motion to compel further response from Defendants

regarding this request will be granted in part. The Court will limit the discovery request as follows: 1) CDCR personnel records of Defendants Adams, Junious, Davis, and Lopez pertaining to investigations into inmate complaints against Defendants Adams, Junious, Davis, and Lopez for retaliation by prison transfer, for a period of January 1, 2007 to April 28, 2009, and 2) CDCR personnel records of Defendants Adams, Junious, Lopez, Davis, and Morrison pertaining to investigations into inmate complaints against Defendants Defendants Adams, Junious, Lopez, Davis, and Morrison for failure to protect an inmate from an excessive risk of serious harm by other inmates, for a period of January 1, 2007 to October 23, 2008. Defendants will be required to produce a discovery response within **forty-five days** from the date of service of this order.[2]

### B.    Motion to Compel No. 2

Plaintiff moves for the production of statements and an audiotape interview from inmate John Fierro, given to and authored by correctional lieutenant R. Whitford of the Investigative Services Unit at CSP-Corcoran. This interview concerned the attack on Plaintiff on October 23, 2008. Plaintiff includes Defendants' response with his motion.

Defendants did not file an opposition. In their objections, Defendants generally stated that "The requested audio-tape and the statement of inmate [Fierro] contain information which jeopardize the security of officers and other inmates and are therefore confidential and will not be produced to Plaintiff."

Defendants' argument is unavailing. Because Mr. Fierro was interviewed regarding the alleged attack on Plaintiff, his statements and the audio-taped interview are reasonably calculated to lead to the discovery of admissible evidence. Plaintiff's motion to compel further response from Defendants regarding this request will be granted. If Defendants are concerned that such production would jeopardize the security of officers and other inmates, Defendants may move for in camera review and/or a protective order.

### IV.    Conclusion

Based on the foregoing, it is HEREBY ORDERED that

1.    Plaintiff's motion to compel, filed November 6, 2012, is granted in part and denied in

---

[2] Defendants may move for a protective order, if necessary.

4

part as stated herein;

2. Defendants are required to produce for Plaintiff's inspection 1) CDCR personnel records of Defendants Adams, Junious, Davis, and Lopez pertaining to investigations into inmate complaints against Defendants Adams, Junious, Davis, and Lopez for retaliation by prison transfer, for a period of January 1, 2007 to April 28, 2009, and 2) CDCR personnel records of Defendants Adams, Junious, Lopez, Davis, and Morrison pertaining to investigations into inmate complaints against Defendants Adams, Junious, Lopez, Davis, and Morrison for failure to protect an inmate from an excessive risk of serious harm by other inmates, for a period of January 1, 2007 to October 23, 2008;

3. Plaintiff's motion to compel, filed December 5, 2012, is granted;

4. Defendants are required to serve a further response to Plaintiff's motions to compel within **forty-five (45) days** from the date of service of this order;

5. Defendants may move for a protective order within twenty-one **(21) days** from the date of service of this order. The filing of a motion for protective order will hold in abeyance Defendants' deadline to serve a further response until the motion for a protective order is resolved;

6. Plaintiff may file an opposition to a motion for protective order within **fourteen (14) days** from the date of service of said motion, and Defendants may file a reply within **seven (7) days** from the date of service of Plaintiff's opposition.

IT IS SO ORDERED.

Dated: **February 11, 2013**            /s/ *Dennis L. Beck*
                                         UNITED STATES MAGISTRATE JUDGE

5